UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

In re:                                          *
                                                *
RICHARD PACIFICO,                               *
                                                *
            Debtor,                             *
                                                *
RICHARD PACIFICO,                               *   Civil Action No. 25-cv-13848-ADB
                                                *
            Appellant,                          *
                                                *
        v.                                      *
                                                *
                                                *
14-16 PLEASANT STREET                           *
CONDOMINIUM ASSOCIATION;                        *
RICHARD KING, UNITED STATES                     *
TRUSTEE FOR REGION 1; U.S. BANK                 *
TRUST NATIONAL ASSOCIATION, AS                  *
TRUSTEE OF TREEHOUSE SERIES V                   *
TRUST AS SERVICED BY SN                         *
SERVICING CORPORATION;                          *
CAROLYN A. BANKOWSKI, CHAPTER                   *
13 TRUSTEE.                                     *
                                                *
            Appellees.                          *

**MEMORANDUM AND ORDER**

BURROUGHS, D.J.

        Currently before the Court is Debtor-Appellant Richard Pacifico's ("Appellant's")

emergency motion to stay foreclosure, enjoin further collection and fee escalation, and preserve

the status quo pending appeal.  [ECF No. 21 at 1 ("Motion for Stay Pending Appeal")].

Appellant claims that his mortgage creditor has initiated foreclosure proceedings, and that

"[a]bsent immediate relief, Appellees will continue using a disputed and legally unsupported debt structure to push the property further toward foreclosure."  [Id.].

The Court is mindful that filings by pro se litigants are "to be liberally construed," Estelle v. Gamble, 429 U.S. 97, 106 (1976), "[h]owever, pro se status does not insulate a party from complying with procedural and substantive law," Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997) (citing Eagle Eye Fishing Corp. v. U.S. Dep't of Com., 20 F.3d 503, 506 (1st Cir. 1994)).  According to Federal Rule of Bankruptcy Procedure 8007, a motion for a stay pending appeal may be filed in the court where the appeal is pending upon a showing that either "moving first in the bankruptcy court would be impracticable; or . . . if a motion has already been made in the bankruptcy court, state whether the court has ruled on it, and if so, state any reasons given for the ruling."  Fed. R. Bankr. P. 8007(b); see also In re Schwalb, No. 25-cv-03624, 2026 WL 100575, at *1 (D. Colo. Jan. 14, 2026).  The motion must include: "(A) the reasons for granting the relief requested and the facts relied on; (B) affidavits or other sworn statements supporting facts subject to dispute; and (C) relevant parts of the record."  Fed. R. Bankr. P. 8007(b)(3).

Here, Appellant's Motion for Stay Pending Appeal does not provide any information as to why moving first in the Bankruptcy Court would be impractical or, if he has already moved for relief in the Bankruptcy Court, whether the Bankruptcy Court has ruled on his earlier motion, and, if so, the reasons given for the ruling.[1]  See [ECF No. 21].  He has also failed to include the

---

[1] The Court notes that Appellant previously moved for a stay of "judgments, orders, proceedings, and enforcement pending appeal" in the Bankruptcy Court on December 18, 2025, which included a request to stay the foreclosure of his property. [ECF No. 5-1 at 48 (Docket No. 450)]. The Bankruptcy Court denied his motion on December 22, 2025, [id. at 49 (Docket No. 455)], and his subsequent motion for reconsideration on January 5, 2026, [id. at 50 (Docket No. 468)]. In denying his request for a stay pending appeal, the Bankruptcy Court held that Appellant had "failed to demonstrate a strong showing of success on the merits of [his] appeal." In re Pacifico, No. 20-10325, Docket No. 455 (Bankr. D. Mass. Dec. 22, 2025).

relevant parts of the record in his Motion for Stay Pending Appeal.  [Id.].  Accordingly, Appellant has not complied with the procedural requirements outlined in Rule 8007, warranting dismissal of his Motion for Stay Pending Appeal.  See Fed. R. Bankr. P. 8007(b)(2)–(3); In re Correia Contracting, LLC, No. 24-cv-13097, 2025 WL 401198, at *2 (D. Mass. Jan. 29, 2025) (finding that debtor's failure to comply with Rule 8007 warranted dismissal of debtor's emergency motion for stay pending appeal).

Even if Appellant had complied with the procedural requirements of Rule 8007, he has not met the substantive requirements meriting a stay.  In order to succeed on a motion for a stay, the movant must show: "(1) likelihood of success on the merits of the appeal, (2) likelihood of irreparable harm in the absence of a stay, (3) whether the balance of equities tips in movant's favor, and (4) whether the stay is consistent with the public interest."  In re Correia Contracting, LLC, 2025 WL 401198, at *1 (citing Nken v. Holder, 556 U.S. 418, 434 (2009)).  Here, Appellant has failed to establish a likelihood of success on the merits of his appeal.  According to his opening brief, the issue Appellant raises on appeal is whether the Bankruptcy Court erred in conferring secured and priority status for a claim filed by the 14-16 Pleasant Street Condominium Trust (the "Condominium Trust").  See [ECF No. 10 at 3].

Appellant is unlikely to succeed on the merits of his appeal for multiple reasons.  First, Appellant failed to file a timely objection to the Condominium Trust's claim.  On March 31, 2020, the Condominium Trust filed proof of a secured claim for outstanding fees and assessments with the basis of perfection listed as Mass. Gen. Laws ch. § 183A.  See In re Pacifico, No. 20-10325, Claim Register Entry No. 8 (Bankr. Mass. Dec. 15, 2025).  A proof of claim filed in a Chapter 13 bankruptcy case is allowed unless a party in interest objects, 11 U.S.C. § 502(a), and according to the Local Bankruptcy Rules for the District of Massachusetts,

"[o]bjections to claims shall be served and filed with the Court within (30) days after the deadline for filing proofs of claim . . . [a]ny claim to which a timely objection is not filed shall be deemed allowed and paid by the chapter 13 trustee in accordance with the provisions of the confirmed plan," D. Mass. L. Bankr. R. 13-13(g)  In this case, the deadline to file a proof of claim was April 15, 2020, and the deadline for Appellant to file an objection to a claim was May 15, 2020.  See [ECF No. 5-1 at 2].  Appellant did not file an objection to the Condominium Trust's claim before that deadline, before the confirmation of his Chapter 13 plan, or during the multiple amendments subsequently made to his plan.  See generally [ECF No. 5-1].

Second, even if Appellant's objection had been filed in a timely manner, it is unlikely that he could show that the Bankruptcy Court erred in determining that the Condominium Trust's lien was secured.  The Bankruptcy Court previously held that, according to Massachusetts General Laws chapter 183A, § 6, the "[r]ecording of the master deed constitutes record notice and perfection of [the] lien; no further recordation of any claim of lien for assessment under this section is required," Mass. Gen. Laws ch. 183A § 6(c), and, therefore, "[n]o further recording was required by the condominium association to assert a secured lien," In re Pacifico, No. 20-10325, Docket No. 436 at 2 (Bankr. D. Mass. Dec. 15, 2025).  Appellant has provided no indication that the Condominium Trust's claim did not comply with the requirements under Massachusetts General Laws chapter 183A § 6 such that its claim was improperly considered in Appellant's Chapter 13 plan.  See Wellington Condo. Trust v. Pino, 686 F. Supp. 2d 117, 122 (D. Mass. 2010) (stating that Mass. Gen. Laws ch. 183A, §§ 6(a)(i) and (c) provide that "recording of the master deed constitutes record notice and perfection" of the lien on a unit for any common expense assessment and finding that the condominium trust had created a lien for unpaid expenses when it properly recorded its master deed).

4

For the foregoing reasons, Appellant's Motion for Stay Pending Appeal, [ECF No. 21], is

**DENIED**.

      **SO ORDERED.**

April 10, 2026
                                        */s/ Allison D. Burroughs*
                                        ALLISON D. BURROUGHS
                                        U.S. DISTRICT JUDGE